IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01592-PAB-MEH

CHRISTOPHER TRIPLETT,

      Applicant,

v.

R. GARCIA,

      Respondent.

---

**RECOMMENDATION ON APPLICATION FOR WRIT OF HABEAS CORPUS
PURSUANT TO 28 U.S.C. § 2241**

---

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

      Pending before the Court is Christopher Triplett's Application for a Writ of Habeas Corpus

Pursuant to 28 U.S.C. § 2241 [filed July 7, 2009; docket #1]. Pursuant to 28 U.S.C. § 636(b)(1) and

D.C. Colo. LCivR 72.1C, the Application has been referred to this Court for recommendation. The

Court determines that an evidentiary hearing is not warranted in this matter. Based on the record

contained herein, the Court RECOMMENDS that Triplett's Application be **denied**.[1]

---

[1] The parties are advised that they shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

I.      **Background**

Triplett is currently serving a federal term of imprisonment at the Federal Correctional Institution ("FCI") in Englewood, Colorado.  According to Respondent,[2] Missouri state authorities arrested Triplett on April 5, 2004, during a traffic stop for possessing 8.799 kilograms of cocaine. Triplett was released on bond on April 20, 2004.  Triplett was readmitted to custody on October 13, 2004, after he entered a guilty plea on the federal charge of possession with intent to distribute in excess of five kilograms of cocaine.  After sentencing by the U.S. District Court for the Eastern District of Missouri on January 7, 2005, Triplett began serving a 70-month sentence.  (Docket #10-2 at 22.)  On October 28, 2005, federal authorities in the Eastern District of Michigan named Triplett in an 11-count indictment for conspiracy to distribute five kilograms or more of cocaine.  (*Id.* at 39, ¶ 1.)  After Triplett pleaded guilty to a charge of conspiracy to launder monetary instruments, the U.S. District Court for the Eastern District of Michigan sentenced him to 61 months incarceration on September 5, 2008.  (*Id.* at 49.)  The court ordered the sentence to run concurrently with the Missouri sentence.  (*Id.*)

Based on the Bureau of Prisons (BOP) computation, Applicant is currently scheduled to release, via Good Conduct Time Release and a one-year sentence reduction for completion of the Residential Drug Abuse Program, on May 9, 2011.  (Docket #10-2 at 61, 63.)

Triplett filed his Application in this Court on July 7, 2009.  By order of the Court, Respondent filed a pre-answer response informing the Court that he would not contend Triplett's exhaustion of the claim raised in the Application.

Triplett claims that the BOP has violated his constitutional rights by miscalculating his

---

[2]Despite this Court's invitation to file a reply in this matter [docket #11], Triplett filed no reply nor any other pleading disputing the facts set forth by Respondent.

sentence and keeping him incarcerated longer than ordered by the courts. Essentially, Triplett argues that, because his sentences were ordered to be run concurrently, the computation of his second sentence should begin on January 7, 2005, the date on which his first sentence was imposed.

Respondent contends the BOP correctly computed Triplett's sentence, because according to BOP regulations, no federal sentence of imprisonment may commence earlier than the date on which it was imposed. Here, the aggregate sentence was computed by first determining the full term dates of each sentence, then subtracting the first full term date from the second full term date to determine an "overlap." The overlap is added to the length of the original sentence to produce the total aggregate length of the two sentences. Thus, the second 61-month sentence could not begin to run until it was imposed on September 5, 2008, which resulted in an overlap of 43 months and 28 days that was added to Triplett's time spent serving the first 70-month sentence.

## II.   Discussion

A federal court must construe a *pro se* plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted). The court should not be the *pro se* litigant's advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

A Section 2241 habeas proceeding is generally "'an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody.'" *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). "A motion pursuant to § 2241 generally . . . [includes] such matters as the administration of parole, computation of a prisoner's sentence by

prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." *Jiminian v. Nash,* 245 F.3d 144, 146 (2d Cir. 2001). "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). Here, in challenging the computation of his federal sentence, Triplett correctly filed his petition pursuant to 28 U.S.C. § 2241 in the District of Colorado where he is incarcerated.

A federal sentence commences on the date that the defendant is received in custody to begin his sentence. 18 U.S.C. § 3585(a). "Logically, [a federal sentence] 'cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served.'" *DeMartino v. Thompson*, No. 96-6322, 1997 WL 362260, at *2 (10th Cir. July 1, 1997) (quoting *United States v. Flores*, 616 F.2d 840, 841 (5th Cir. 1980)); *see also Shelvy v. Whitfield*, 718 F.2d 441, 444 (D.C. Cir. 1983) (stating that "a federal sentence made concurrent with a sentence already being served does not operate in a 'fully concurrent' manner. Rather, the second sentence runs together with the remainder of the one then being served.") (cited with approval in *DeMartino*).

The Court agrees with Respondent's computation of Triplett's aggregate sentence. Consistent with the mandates of Sections 3584 and 3585(a), the Court determines the term of imprisonment on Triplett's second federal conviction began when he was actually sentenced in federal court on September 5, 2008. Based on the sentencing judge's recommendation and the actual implementation of the sentence, Triplett's second sentence has indeed been served concurrently with the *remainder* of his first sentence. As the Bureau of Prisons properly followed the recommendation of the sentencing court within its discretion, the Court finds no constitutional violation as alleged by Triplett. Therefore, the Court recommends Triplett's Application be denied.

**III.     Conclusion**

Accordingly, for the reasons stated above, the Court RECOMMENDS that Christopher Triplett's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [filed July 7, 2009; docket #1] be **DENIED**.

Dated at Denver, Colorado, this 8th day of February, 2010.

BY THE COURT:

Michael E. Hegarty

Michael E. Hegarty
United States Magistrate Judge